1 | IGNACIA S. MORENO
Assistant Attorney General
2 | ROBERT D. MULLANEY
Trial Attorney
3 | Environment and Natural Resources Division
United States Department of Justice
4 | 301 Howard Street, Suite 1050
San Francisco, California 94105
5 | Telephone: (415) 744-6491

6 | LEONARDO M. RAPADAS
United States Attorney
7 | MIKEL W. SCHWAB
Assistant United States Attorney
8 | Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
9 | Hagatna, Guam 96910
Telephone: (671) 472-7332

10 |
Attorneys for Plaintiff United States of America
11 |

12 | IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM
13 |

14 | UNITED STATES OF AMERICA,            )
                                        )
15 |              Plaintiff,             )   CIVIL ACTION NO. **10 - 00006**
          v.                            )
16 |                                    )   CONSENT DECREE
   MOBIL OIL GUAM, INC., and            )
17 | MOBIL OIL MARIANA ISLANDS, INC.,    )
                                        )
18 |              Defendants.           )
                                        )
19 |

**FILED**
DISTRICT COURT OF GUAM

JUL 27 2010

**JEANNE G. QUINATA**
**CLERK OF COURT**

ORIGINAL

**TABLE OF CONTENTS**

I. JURISDICTION AND VENUE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II. APPLICABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

III. DEFINITIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

IV. CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

V. COMPLIANCE REQUIREMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

VI. REPORTING REQUIREMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

VII. STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

VIII. FORCE MAJEURE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

IX. DISPUTE RESOLUTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

X. INFORMATION COLLECTION AND RETENTION . . . . . . . . . . . . . . . . . . . . . . . . -18-

XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . . . -19-

XII. COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

XIII.  NOTICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

XIV.  EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

XV.  RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

XVI.  MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

XVII.  TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

XVIII.  PUBLIC PARTICIPATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

XIX.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

XX.  INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

XXI.  FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

1    Plaintiff United States of America, on behalf of the United States Environmental
2  Protection Agency ("EPA"), has filed a complaint in this action concurrently with this Consent
3  Decree, alleging that Defendants Mobil Oil Guam, Inc., and Mobil Oil Mariana Islands, Inc.,
4  violated Sections 111 and 112 of the Clean Air Act ("Act"), 42 U.S.C. §§ 7411, 7412.

5    The Complaint alleges that Defendants are liable under Section 113(b) of the Act,
6  42 U.S.C. § 7413(b), for injunctive relief and the assessment of civil penalties for violations of
7  the Act, and the regulations promulgated thereunder, at their bulk gasoline terminals located in
8  Guam and Saipan.

9    Defendants do not admit any liability to the United States arising out of the
10  transactions or occurrences alleged in the Complaint, and do not admit any issues of law or fact
11  related to or arising from the matters alleged in the Complaint, except as set forth in Section I
12  (Jurisdiction and Venue) and in Paragraphs 4 and 5 in Section II (Applicability) of this Consent
13  Decree. By entering into this Consent Decree and complying with its terms, Defendants do not
14  admit any inference of wrongdoing that could be used against Defendants in any other
15  proceeding with any party not a signatory to this Consent Decree.

16    The Parties recognize, and the Court by entering this Consent Decree finds, that
17  this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation
18  between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

19    NOW, THEREFORE, before the taking of any testimony, without the
20  adjudication or admission of any issue of fact or law except as provided in Section I, and with the
21  consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

22                    I. JURISDICTION AND VENUE

23    1.    This Court has jurisdiction over the subject matter of this action, pursuant
24  to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the Act, 42 U.S.C. § 7413(b), and
25  over the Parties. Venue lies in this District pursuant to Section 113(b) of the Act, 42 U.S.C.
26  § 7413(b), and 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because the violations alleged in the
27
28                                 -1-

Complaint have occurred and are occurring in this judicial district, or Defendants conduct business in this judicial district. For purposes of this Decree, or any action to enforce this Decree, Defendants consent to the Court's jurisdiction over this Decree, any such action, and over Defendants, and consent to venue in this judicial district.

2.    For purposes of this Consent Decree, Defendants agree that the Complaint states claims upon which relief may be granted pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b).

3.    Notice of the commencement of this action has been given to the Guam Environmental Protection Agency and the Commonwealth of the Northern Mariana Islands Division of Environmental Quality in accordance with Section 113(b) of the Act, 42 U.S.C. § 7413(b).

## II. APPLICABILITY

4.    The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law.

5.    No transfer of ownership or operation of the Facilities, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendants of their obligation to ensure that the terms of the Decree are implemented. At least 30 Days prior to such transfer, Defendants shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA and the United States, in accordance with Section XIII (Notices) of this Decree. Any attempt to transfer ownership or operation of either of the Facilities without complying with this Paragraph constitutes a violation of this Decree.

6.    Defendants shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent

-2-

1 Decree.

2        7.     In any action to enforce this Consent Decree, Defendants shall not raise as

3 a defense the failure by any of their officers, directors, employees, agents, or contractors to take

4 any actions necessary to comply with the provisions of this Consent Decree.

5 III. DEFINITIONS

6        8.     Terms used in this Consent Decree that are defined in the Act or in

7 regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act

8 or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth

9 below are used in this Consent Decree, the following definitions shall apply:

10           a.     "Act" shall mean the Clean Air Act, as amended, 42 U.S.C.

11 §§ 7401-7671q;

12           b.     "C.F.R." shall mean the Code of Federal Regulations;

13           c.     "Complaint" shall mean the complaint filed by the United States

14 in this action;

15           d.     "Consent Decree" or "Decree" shall mean this Decree;

16           e.     "Day" shall mean a calendar day unless expressly stated to be a

17 business day. In computing any period of time under this Consent Decree, where the last day

18 would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of

19 business of the next business day;

20           f.     "Defendants" shall mean Mobil Oil Guam, Inc., and Mobil Oil

21 Mariana Islands, Inc.;

22           g.     "Effective Date" shall have the definition provided in Section XIV;

23           h.     "EPA" shall mean the United States Environmental Protection

24 Agency and any of its successor departments or agencies;

25           i.     "Facilities" shall mean Mobil Oil Guam, Inc.'s bulk gasoline

26 terminal located at 1189 Cabras Highway on Cabras Island in Piti, Guam ("Cabras Terminal"),

27 and Mobil Oil Mariana Islands, Inc.'s bulk gasoline terminal located at Puerto Rico Port Drive in

28 -3-

1 | the Lower Base area of Saipan ("Saipan Terminal");

2 |           j.      "Final Title V Permit" shall mean a permit issued under Title V of

3 | the Act and 40 C.F.R. Part 70 or 71, whichever is applicable, that (i) meets the requirements of

4 | this Consent Decree; (ii) has completed all permit procedures required by 40 C.F.R. Part 70 or

5 | 71, whichever is applicable; and (iii) is no longer subject to any judicial review procedures;

6 |           k.      "Lodging" or "Date of Lodging" shall mean the date on which the

7 | Plaintiff lodges this Consent Decree with the United States District Court for the purpose of

8 | seeking public comment on the Consent Decree;

9 |           l.      "NESHAP A and R" shall mean (i) the requirements of 40 C.F.R.

10 | Part 63, Subpart R; (ii) the requirements of 40 C.F.R. Part 63, Subpart A, as indicated in Table 1

11 | to 40 C.F.R. Part 63, Subpart R; and (iii) the requirements of 40 C.F.R. Part 60, Subparts A, Kb,

12 | and XX that are incorporated by reference in 40 C.F.R. Part 63, Subpart R;

13 |           m.      "NSPS A and Kb" shall mean the requirements of 40 C.F.R. Part

14 | 60, Subpart Kb, as well as the applicable requirements of 40 C.F.R. Part 60, Subpart A;

15 |           n.      "NSPS A and XX" shall mean the requirements of 40 C.F.R. Part

16 | 60, Subpart XX, as well as the applicable requirements of 40 C.F.R. Part 60, Subpart A;

17 |           o.      "Paragraph" shall mean a portion of this Decree identified by an

18 | Arabic numeral;

19 |           p.      "Parties" shall mean the United States and Defendants;

20 |           q.      "Plaintiff" shall mean the United States;

21 |           r.      "Section" shall mean a portion of this Decree identified by an

22 | upper-case Roman numeral; and

23 |           s.      "United States" shall mean the United States of America, acting on

24 | behalf of EPA.

25 | IV. CIVIL PENALTY

26 |         9.      Within 30 Days after the Effective Date of this Consent Decree,

27 | Defendants shall pay the sum of $2,400,000 as a civil penalty, together with interest accruing

28 |

1    from the Date of Lodging, at the rate specified in 28 U.S.C. § 1961 as of the Date of Lodging.

2           10.      Defendants shall pay the civil penalty due by FedWire Electronic Funds

3 Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be

4 provided to Defendants, following Lodging of the Consent Decree, by the Financial Litigation

5 Unit of the U.S. Attorney's Office for the District of Guam, 108 Hernan Cortez Avenue,

6 Hagatna, Guam 96910, Tel: (671) 472-7332. At the time of payment, Defendants shall send a

7 copy of the EFT authorization form and the EFT transaction record, together with a transmittal

8 letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent

9 Decree in *United States v. Mobil Oil Guam, Inc., et al.*, and shall reference the civil action

10 number and DOJ case number 90-5-2-1-09320, to the United States in accordance with Section

11 XIII (Notices) of this Decree; by e-mail to acctsreceivable.CINWD@epa.gov; and by mail to:

12                     EPA Cincinnati Finance Office
                      26 Martin Luther King Drive
13                     Cincinnati, Ohio 45268

14           11.      Defendants or any other person or entity, including, but not limited to, any

15 parent company of the Defendants, shall not deduct any penalties paid under this Decree pursuant

16 to this Section or Section VII (Stipulated Penalties) in calculating their federal income tax.

17                      V.   COMPLIANCE REQUIREMENTS

18           12.      Storage Vessel Requirements for Cabras Terminal Area A Tanks 1, 2, 3, 4,

19 and 6, and Area C Tank 20. All of the Cabras Terminal tanks included in this Paragraph are

20 subject to NESHAP A and R. In addition, Cabras Terminal Area A Tank 2 and Area C Tank 20

21 are also subject to NSPS A and Kb. Except as provided in Paragraph 15.a., Defendant Mobil Oil

22 Guam, Inc., shall not operate any of these tanks after the dates set forth below unless the tanks

23 comply with the requirements of NESHAP A and R and, where noted, the requirements of NSPS

24 A and Kb:

| Tanks | Compliance Date | |
|---|---|---|
| Cabras Area A Tanks 1, 3, and 6 | Date of Lodging | |
| Cabras Area A Tank 2 | December 31, 2011 | (including NSPS A and Kb) |

28                                   -5-

| | | |
|---|---|---|
| 1 | Cabras Area A Tank 4 | December 31, 2011 |
| 2 | Cabras Area C Tank 20 | Date of Lodging (including NSPS A and Kb) |

13. Storage Vessel Requirements for Cabras Terminal Area C Tanks 23 and 24 and Saipan Terminal Tanks 1, 2, 3, 7, and 10. All of the Cabras Terminal and Saipan Terminal tanks included in this Paragraph are subject to NESHAP A and R. In addition, Cabras Terminal Area C Tanks 23 and 24 and Saipan Terminal Tanks 7 and 10 are also subject to NSPS A and Kb. Except as provided in Paragraph 15.a., for Cabras Terminal Area C Tanks 23 and 24 and Saipan Terminal Tanks 1, 2, 3, 7, and 10, Defendants shall either: (i) demolish these tanks, or (ii) not operate these tanks, unless the tanks comply with the requirements of NESHAP A and R (as well as, for Cabras Terminal Area C Tanks 23 and 24 and Saipan Terminal Tanks 7 and 10, the requirements of NSPS A and Kb), in accordance with the following schedule:

a. By December 31, 2009, Defendants shall demolish two tanks and comply with the requirements of NESHAP A and R (as well as the requirements of NSPS A and Kb where applicable) at two additional tanks; and

b. By December 31, 2010, Defendants shall comply with the requirements of NESHAP A and R (as well as the requirements of NSPS A and Kb where applicable) at three additional tanks.

14. Loading Rack Requirements for the Facilities. All of the loading racks at the Facilities are subject to NSPS A and XX and NESHAP A and R. Except as provided in Paragraph 15.a., Defendants shall not operate any loading rack at the Facilities after the dates set forth below unless all of the loading racks at the Facilities comply with the requirements of NSPS A and XX and NESHAP A and R:

a. By December 31, 2009, Defendants shall (i) obtain continuous monitoring systems for both the Cabras Terminal and Saipan Terminal loading racks, and (ii) begin preliminary installation of controls for both the Cabras Terminal and Saipan Terminal loading racks; and

b. By December 31, 2010, Defendants shall comply with the

1  requirements of NSPS A and XX and NESHAP A and R (including, but not limited to, the
2  completion of performance tests) at all of the loading racks at the Facilities.

3       15.    Notification Requirements and Cabras Terminal Area C Tank 20
4  Compliance Certification.

5              a.    For (i) all of the loading racks at the Facilities; (ii) Cabras Terminal
6  Area A Tanks 1, 2, 3, 4, and 6, and Area C Tanks 20, 23, and 24; and (iii) Saipan Terminal Tanks
7  1, 2, 3, 7, and 10, entry of this Consent Decree shall satisfy the following NSPS A and NESHAP
8  A and R notification requirements:  40 C.F.R. §§ 60.7(a); 60.15(d); 63.5(b)(1), (d), (e), and (f);
9  63.9(b) and (c);  and 63.428(a).  This provision does not apply to any modifications or
10 reconstructions of these loading racks or tanks that occur after entry of this Consent Decree.

11             b.    Not later than 90 Days after the Effective Date, Mobil Oil Guam,
12 Inc., shall provide a report to EPA, in accordance with Section XIII (Notices) of this Decree and
13 Paragraph 22 of the Decree, with a written certification that Cabras Terminal Area C Tank 20 is
14 in compliance with the requirements of NSPS A and Kb and NESHAP A and R.

15       16.    Additional Facility-Wide Requirements.  In addition to the requirements in
16 Paragraphs 12 through 15, Defendants shall not operate the Facilities after the dates set forth
17 below unless the Facilities comply with the requirements of NSPS A and XX and NESHAP A
18 and R, including, but not limited to, the following:

19             a.    By December 31, 2010, Defendants shall provide to EPA, in
20 accordance with Section XIII (Notices) of this Decree, both a written startup, shutdown, and
21 malfunction plan and a written equipment in gasoline service report for each of the Facilities, as
22 required by NESHAP A and R;

23             b.    By December 31, 2010, Defendants shall comply with all other
24 applicable requirements of NSPS A and Kb, NSPS A and XX, and NESHAP A and R not
25 specifically referenced in Paragraphs 12 through 15 above at the Facilities (including, but not
26 limited to, tank truck requirements and leak inspection requirements);

27             c.    By July 30, 2011, Defendants shall commence submission of semi-

28                                        -7-

1 | annual excess reports to EPA as required by NESHAP A and R for each of the Facilities; and

2 |         d.      By July 30, 2011, Defendants shall provide a report to EPA, in
3 | accordance with Section XIII (Notices) of this Decree and Paragraph 22 of the Decree, with a
4 | written certification that the Facilities, including all of the tanks and loading racks at the
5 | Facilities, are in compliance with the requirements of NESHAP A and R (as well as the
6 | requirements of NSPS A and Kb where applicable).

7 |         17.    Title V Permitting. Not later than 90 Days after the Effective Date,
8 | Defendants shall submit to EPA's permitting office a Title V Permit application for each of the
9 | Facilities in accordance with the procedures of Title V of the Act and 40 C.F.R. Part 70 or 71,
10 | whichever is applicable. At a minimum, the Title V Permit applications shall include the
11 | following conditions (tanks that are demolished do not need to be included in the Title V
12 | application):

13 |         a.      For Cabras Terminal Area A Tanks 1, 2, 3, 4, and 6, Cabras
14 | Terminal Area C Tanks 20, 23, and 24, and Saipan Terminal Tanks 1, 2, 3, 7, and 10, (i) all of
15 | these tanks are subject to NESHAP A and R; (ii) Cabras Terminal Area A Tank 2, Cabras
16 | Terminal Area C Tanks 20, 23, and 24, and Saipan Terminal Tanks 7 and 10 are also subject to
17 | NSPS A and Kb; (iii) if any of these tanks are currently shut down or will be shut down in
18 | accordance with the compliance schedule in Paragraphs 12 and 13 above, such tanks must
19 | comply with the requirements of NESHAP A and R (as well as the requirements of NSPS A and
20 | Kb for Cabras Terminal Area A Tank 2, Cabras Terminal Area C Tanks 20, 23, and 24, and
21 | Saipan Terminal Tanks 7 and 10) prior to reactivation and commencement of operation;

22 |         b.      All loading racks at the Facilities are subject to NSPS A and XX
23 | and NESHAP A and R; and

24 |         c.      The Facilities are subject to NSPS A and Kb, NSPS A and XX, and
25 | NESHAP A and R.

26 | Defendants agree not to oppose in any forum the incorporation of any or all of these conditions
27 | into their Title V Permits.

28 |                                         -8-

1              18.    Permits. Where any compliance obligation under this Section requires

2  Defendants to obtain a federal, state, or local permit or approval, Defendants shall submit timely

3  and complete applications and take all other actions necessary to obtain all such permits or

4  approvals. Defendants may seek relief under the provisions of Section VIII (Force Majeure) of

5  this Consent Decree for any delay in the performance of any such obligation resulting from a

6  failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such

7  obligation, if Defendants have submitted timely and complete applications and have taken all

8  other actions necessary to obtain all such permits or approvals.

9                      VI. REPORTING REQUIREMENTS

10           19.    Defendants shall submit the following reports:

11              a.    Within 30 Days after the end of each calendar-year half (i.e., by

12  July 30 and January 30) after the Effective Date of this Consent Decree, until termination of this

13  Decree pursuant to Section XVII, Defendants shall submit a semi-annual report for the preceding

14  calendar-year half that shall include the status of any constructions, tank deactivations or

15  demolitions, or compliance measures; completion of milestones; problems encountered or

16  anticipated, together with implemented or proposed solutions; and status of permit applications.

17              b.    Each semi-annual report shall also include a description of any

18  noncompliance with the requirements of this Consent Decree that are not specific NSPS or

19  NESHAP regulatory requirements (hereinafter, the "Non-regulatory Requirements"), and an

20  explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to

21  prevent or minimize such violation. If Defendants violate, or have reason to believe that they

22  may violate, any Non-regulatory Requirement of this Consent Decree, Defendants shall notify the

23  United States of such violation and its likely duration, in writing, within ten working Days of the

24  Day Defendants first become aware of the violation, with an explanation of the violation's likely

25  cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If

26  the cause of a violation cannot be fully explained at the time the report is due, Defendants shall

27  so state in the report. Defendants shall investigate the cause of the violation and shall then

28  

1  submit an amendment to the report, including a full explanation of the cause of the violation,

2  within 30 Days of the Day Defendants become aware of the cause of the violation. Nothing in

3  this Paragraph or the following Paragraph relieves Defendants of their obligation to provide the

4  notice required by Section VIII (Force Majeure) of this Consent Decree.

5              c.     Each semi-annual report shall also include as an attachment a copy

6  of each NSPS or NESHAP notification or report regarding the Facilities that the Defendants

7  submitted to EPA or to the delegated local agency during the reporting period (i.e., the preceding

8  calendar-year half).

9        20.     Whenever any violation of this Consent Decree or any other event

10 affecting Defendants' performance under this Decree, or the performance of their Facilities, may

11 pose an immediate threat to the public health or welfare or the environment, Defendants shall

12 notify EPA orally or by electronic or facsimile transmission as soon as possible, but no later than

13 24 hours after Defendants first knew of the violation or event. This procedure is in addition to

14 the requirements set forth in the preceding Paragraph.

15       21.     All reports shall be submitted to the persons designated in Section XIII

16 (Notices) of this Consent Decree.

17       22.     Each report submitted by a Defendant under this Section shall be signed by

18 an official of the submitting party and include the following certification:

19              I certify under penalty of law that this document and all
                attachments were prepared under my direction or supervision in
20              accordance with a system designed to assure that qualified
                personnel properly gather and evaluate the information submitted.
21              Based on my inquiry of the person or persons who manage the
                system, or those persons directly responsible for gathering the
22              information, the information submitted is, to the best of my
                knowledge and belief, true, accurate, and complete. I am aware
23              that there are significant penalties for submitting false information,
                including the possibility of fine and imprisonment for knowing
24              violations.

25 This certification requirement does not apply to emergency or similar notifications where

26 compliance would be impractical.

27       23.     The reporting requirements of this Consent Decree do not relieve

28                                         -10-

1　Defendants of any reporting obligations required by the Act or implementing regulations, or by

2　any other federal, state, or local law, regulation, permit, or other requirement.

3　　　　24.　　Any information provided pursuant to this Consent Decree may be used by

4　the United States in any proceeding to enforce the provisions of this Consent Decree and as

5　otherwise permitted by law.

6　　　　　　　　　　　VII. STIPULATED PENALTIES

7　　　　25.　　Defendants shall be liable for stipulated penalties to the United States for

8　violations of this Consent Decree as specified below, unless excused under Section VIII (Force

9　Majeure). A violation includes failing to perform any obligation required by the terms of this

10　Decree, including any work plan or schedule approved under this Decree, according to all

11　applicable requirements of this Decree and within the specified time schedules established by or

12　approved under this Decree.

13　　　　26.　　Late Payment of Civil Penalty. If Defendants fail to pay the civil penalty

14　required to be paid under Section IV (Civil Penalty) of this Decree when due, Defendants shall

15　pay a stipulated penalty of $5,000 per Day for each Day that the payment is late.

16　　　　27.　　Failure to Comply with Section V. With the exception of notification and

17　reporting requirements subject to Paragraph 28 below, the following stipulated penalties shall

18　accrue per violation per Day for each violation of a requirement of Paragraphs 12, 13, 14, 15, 16,

19　17 or 18, including, but not limited to, any requirement of NSPS A, NSPS Kb, NSPS XX,

20　NESHAP A, or NESHAP R applicable to Defendants' Facilities, storage vessels, or loading

21　racks in accordance with the schedule set forth in Section V (Compliance Requirements):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 3,000 | 1st through 14th Day |
| $ 6,000 | 15th through 30th Day |
| $ 15,000 | 31st Day and beyond |

26　　　　28.　　Failure to Comply with the Notification or Reporting Requirements of

27　Section V or Section VI. The following stipulated penalties shall accrue per violation per Day

28　　　　　　　　　　　　　-11-

1   for each violation of: (i) the notification or reporting requirements of Paragraphs 12, 13, 14, 15,

2   16, 17 or 18, including, but not limited to, any notification or reporting requirement of NSPS A,

3   NSPS Kb, NSPS XX, NESHAP A, or NESHAP R applicable to Defendants' Facilities, storage

4   vessels, or loading racks in accordance with the schedule set forth in Section V (Compliance

5   Requirements); or (ii) the notification or reporting requirements of Section VI (Reporting

6   Requirements) of this Consent Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 1,000 | 1st through 14th Day |
| $ 2,500 | 15th through 30th Day |
| $ 5,000 | 31st Day and beyond |

11         29.     Other Consent Decree Requirements. If Defendants fails to comply with

12   any other requirement of this Consent Decree not specifically referenced in Paragraphs 27 or 28

13   above, Defendants shall pay a stipulated penalty of $1,000 per violation per Day for each

14   violation of this Consent Decree.

15         30.     Stipulated penalties under this Section shall begin to accrue on the Day

16   after performance is due or on the Day a violation occurs, whichever is applicable, and shall

17   continue to accrue until performance is satisfactorily completed or until the violation ceases.

18   Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

19         31.     Defendants shall pay any stipulated penalty within 30 Days of receiving

20   the United States' written demand. Stipulated penalties shall accrue regardless of whether the

21   United States has notified Defendants of a violation of the Consent Decree or issued a written

22   demand for the payment of stipulated penalties.

23         32.     The United States may, in the unreviewable exercise of its discretion,

24   reduce or waive stipulated penalties otherwise due it under this Consent Decree.

25         33.     Stipulated penalties shall continue to accrue as provided in Paragraph 30,

26   during any Dispute Resolution, but need not be paid until the following:

27             a.     If the dispute is resolved by agreement or by a decision of EPA

1 that is not appealed to the Court, Defendants shall pay accrued penalties determined to be owing,
2 together with interest, to the United States within 30 Days of the effective date of the agreement
3 or the receipt of EPA's decision or order.

4           b.     If the dispute is appealed to the Court and the United States
5 prevails in whole or in part, Defendants shall pay all accrued penalties determined by the Court
6 to be owing, together with interest, within 60 Days of receiving the Court's decision or order,
7 except as provided in subparagraph c., below.

8           c.     If any Party appeals the District Court's decision, Defendants shall
9 pay all accrued penalties determined to be owing, together with interest, within 15 Days of
10 receiving the final appellate court decision.

11           d.     No stipulated penalties shall accrue or be assessed and no
12 stipulated penalties shall be due and owing for a disputed violation if Defendants prevail on the
13 disputed violation that is the subject of the Dispute Resolution.

14       34.     Defendants shall pay stipulated penalties owing to the United States in the
15 manner set forth and with the confirmation notices required by Paragraph 10, except that the
16 transmittal letter shall state that the payment is for stipulated penalties and shall state for which
17 violation(s) the penalties are being paid.

18       35.     If Defendants fail to pay stipulated penalties according to the terms of this
19 Consent Decree, Defendants shall be liable for interest on such penalties, as provided for in
20 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall
21 be construed to limit the United States from seeking any remedy otherwise provided by law for
22 Defendants' failure to pay any stipulated penalties.

23       36.     Subject to the provisions of Section XI (Effect of Settlement/Reservation
24 of Rights) of this Consent Decree, the stipulated penalties provided for in this Consent Decree
25 shall be in addition to any other rights, remedies, or sanctions available to the United States for
26 Defendants' violation of this Consent Decree or applicable law. Where a violation of this
27 Consent Decree is also a violation of the Act, Defendants shall be allowed a credit, for any

28

-13-

1 stipulated penalties paid, against any statutory penalties imposed for such violation.

## VIII. FORCE MAJEURE

3      37.    "Force majeure," for purposes of this Consent Decree, is defined as any
4  event arising from causes beyond the control of Defendants, of any entity controlled by
5  Defendants, or of Defendants' contractors, that delays or prevents the performance of any
6  obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation.
7  The requirement that Defendants exercise "best efforts to fulfill the obligation" includes using
8  best efforts to anticipate any potential force majeure event and best efforts to address the effects
9  of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any
10 resulting delay to the greatest extent possible. "Force Majeure" does not include Defendants'
11 financial inability to perform any obligation under this Consent Decree.

12      38.    If any event occurs or has occurred that may delay the performance of any
13 obligation under this Consent Decree, whether or not caused by a force majeure event,
14 Defendants shall provide notice orally or by electronic or facsimile transmission to the Chief of
15 the Air Enforcement Office, Air Division, EPA Region 9, within 72 hours of when Defendants
16 first knew that the event might cause a delay. Within seven Days thereafter, Defendants shall
17 provide in writing to EPA an explanation and description of the reasons for the delay; the
18 anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the
19 delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay
20 or the effect of the delay; Defendants' rationale for attributing such delay to a force majeure
21 event if they intend to assert such a claim; and a statement as to whether, in the opinion of
22 Defendants, such event may cause or contribute to an endangerment to public health, welfare or
23 the environment. Defendants shall include with any notice all available documentation
24 supporting the claim that the delay was attributable to a force majeure. Failure to comply with
25 the above requirements shall preclude Defendants from asserting any claim of force majeure for
26 that event for the period of time of such failure to comply, and for any additional delay caused by
27 such failure. Defendants shall be deemed to know of any circumstance of which Defendants, any

28                                                    -14-

1 entity controlled by Defendants, or Defendants' contractors knew or should have known.

2 39. If EPA agrees that the delay or anticipated delay is attributable to a force

3 majeure event, the time for performance of the obligations under this Consent Decree that are

4 affected by the force majeure event will be extended by EPA for such time as is necessary to

5 complete those obligations. An extension of the time for performance of the obligations affected

6 by the force majeure event shall not, of itself, extend the time for performance of any other

7 obligation. EPA will notify Defendants in writing of the length of the extension, if any, for

8 performance of the obligations affected by the force majeure event.

9 40. If EPA does not agree that the delay or anticipated delay has been or will

10 be caused by a force majeure event, EPA will notify Defendants in writing of its decision. EPA's

11 failure to respond to a request for a delay shall be deemed a denial of that request.

12 41. If Defendants elect to invoke the dispute resolution procedures set forth in

13 Section IX (Dispute Resolution), they shall do so no later than 15 Days after receipt of EPA's

14 notice. In any such proceeding, Defendants shall have the burden of demonstrating by a

15 preponderance of the evidence that the delay or anticipated delay has been or will be caused by a

16 force majeure event, that the duration of the delay or the extension sought was or will be

17 warranted under the circumstances, that best efforts were exercised to avoid and mitigate the

18 effects of the delay, and that Defendants complied with the requirements of Paragraphs 37 and

19 38, above. If Defendants carry this burden, the delay at issue shall be deemed not to be a

20 violation by Defendants of the affected obligation of this Consent Decree identified to EPA and

21 the Court.

22 IX. DISPUTE RESOLUTION

23 42. Unless otherwise expressly provided for in this Consent Decree, the

24 dispute resolution procedures of this Section shall be the exclusive mechanism to resolve

25 disputes arising under or with respect to this Consent Decree. Defendants' failure to seek

26 resolution of a dispute under this Section shall preclude Defendants from raising any such issue

27 as a defense to an action by the United States to enforce any obligation of Defendants arising

28

-15-

1  under this Decree.

2        43.    Informal Dispute Resolution. Any dispute subject to Dispute Resolution
3  under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be
4  considered to have arisen when Defendants send the United States a written Notice of Dispute.
5  Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotia-
6  tions shall not exceed 20 Days from the date the dispute arises, unless that period is modified by
7  written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the
8  position advanced by the United States shall be considered binding unless, within 20 Days after
9  the conclusion of the informal negotiation period, Defendants invoke formal dispute resolution
10  procedures as set forth below.

11        44.    Formal Dispute Resolution. Defendants shall invoke formal dispute
12  resolution procedures, within the time period provided in the preceding Paragraph, by serving on
13  the United States a written Statement of Position regarding the matter in dispute. The Statement
14  of Position shall include, but need not be limited to, any factual data, analysis, or opinion
15  supporting Defendants' position and any supporting documentation relied upon by Defendants.

16        45.    The United States shall serve its Statement of Position within 45 Days of
17  receipt of Defendants' Statement of Position. The United States' Statement of Position shall
18  include, but need not be limited to, any factual data, analysis, or opinion supporting that position
19  and any supporting documentation relied upon by the United States. The United States'
20  Statement of Position shall be binding on Defendants, unless Defendants file a motion for
21  judicial review of the dispute in accordance with the following Paragraph.

22        46.    Defendants may seek judicial review of the dispute by filing with the
23  Court and serving on the United States, in accordance with Section XIII (Notices) of this Consent
24  Decree, a motion requesting judicial resolution of the dispute. The motion must be filed within
25  10 Days of receipt of the United States' Statement of Position pursuant to the preceding
26  Paragraph. The motion shall contain a written statement of Defendants' position on the matter in
27  dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set

28  -16-

1 | forth the relief requested and any schedule within which the dispute must be resolved for orderly
2 | implementation of the Consent Decree.

3 | 47. The United States shall respond to Defendants' motion within the time
4 | period allowed by the Local Rules of this Court. Defendants may file a reply memorandum, to
5 | the extent permitted by the Local Rules.

6 | 48. Standard of Review

7 | a. Disputes Concerning Matters Accorded Record Review. Except as
8 | otherwise provided in this Consent Decree, in any dispute brought under Paragraph 44 pertaining
9 | to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any
10 | other items requiring approval by EPA under this Consent Decree; the adequacy of the
11 | performance of work undertaken pursuant to this Consent Decree; and all other disputes that are
12 | accorded review on the administrative record under applicable principles of administrative law,
13 | Defendants shall have the burden of demonstrating, based on the administrative record, that the
14 | position of the United States is arbitrary and capricious or otherwise not in accordance with law.

15 | b. Other Disputes. Except as otherwise provided in this Consent
16 | Decree, in any other dispute brought under Paragraph 44, Defendants shall bear the burden of
17 | demonstrating that their position complies with this Consent Decree and better furthers the
18 | objectives of the Consent Decree.

19 | 49. The invocation of dispute resolution procedures under this Section shall
20 | not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this
21 | Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties
22 | with respect to the disputed matter shall continue to accrue from the first Day of noncompliance,
23 | but payment shall be stayed pending resolution of the dispute as provided in Paragraph 33. If
24 | Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as
25 | provided in Section VII (Stipulated Penalties). If Defendants prevail on a disputed violation that
26 | is the subject of the Dispute Resolution, no stipulated penalties shall accrue, be assessed or be
27 | due and owing for that disputed violation.

28 |

-17-

| 1 | X. INFORMATION COLLECTION AND RETENTION |

2    50.    The United States and its representatives, including attorneys, contractors,
3  and consultants, shall have the right of entry into any of the Facilities covered by this Consent
4  Decree, at all reasonable times, upon presentation of credentials, to:

5          a.    monitor the progress of activities required under this Consent
6  Decree;

7          b.    verify any data or information submitted to the United States in
8  accordance with the terms of this Consent Decree;

9          c.    obtain samples and, upon request, splits of any samples taken by
10  Defendants or their representatives, contractors, or consultants;

11          d.    obtain documentary evidence, including photographs and similar
12  data; and

13          e.    assess Defendants' compliance with this Consent Decree, the Act,
14  and the regulations promulgated thereunder.

15    51.    Upon request, Defendants shall provide EPA or its authorized
16  representatives splits of any samples taken by Defendants.  Upon request, EPA shall provide
17  Defendants splits of any samples taken by EPA.

18    52.    Defendants shall retain all non-identical copies of all documents, records,
19  or other information (including documents, records, or other information in electronic form) in
20  their possession or control, or that come into their possession or control, and that relate in any
21  manner to Defendants' performance of their obligations under this Consent Decree.  This
22  information-retention requirement shall apply regardless of any contrary corporate or institutional
23  policies or procedures. At any time prior to termination of this Consent Decree, upon request by
24  the United States, Defendants shall provide copies of any documents, records, or other
25  information required to be maintained under this Paragraph.

26    53.    Defendants shall notify the United States at least 60 Days prior to the
27  destruction of any documents, records, or other information subject to the requirements of the

28

1  preceding Paragraph and, upon request by the United States, Defendants shall deliver any such
2  documents, records, or other information to EPA. Defendants may assert that certain documents,
3  records, or other information is privileged under the attorney-client privilege or any other
4  privilege recognized by federal law. If Defendants assert such a privilege, they shall provide the
5  following: (1) the title of the document, record, or information; (2) the date of the document,
6  record, or information; (3) the name and title of each author of the document, record, or
7  information; (4) the name and title of each addressee and recipient; (5) a description of the
8  subject of the document, record, or information; and (6) the privilege asserted by Defendants.
9  However, no documents, records, or other information created or generated pursuant to the
10  requirements of this Consent Decree shall be withheld on grounds of privilege.

11  54.  Defendants may also assert that information required to be provided under
12  this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.
13  As to any information that Defendants seek to protect as CBI, Defendants shall follow the
14  procedures set forth in 40 C.F.R. Part 2.

15  55.  This Consent Decree in no way limits or affects any right of entry and
16  inspection, or any right to obtain information, held by the United States pursuant to applicable
17  federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of
18  Defendants to maintain documents, records, or other information imposed by applicable federal
19  or state laws, regulations, or permits.

20  XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

21  56.  This Consent Decree resolves the civil claims of the United States for the
22  violations alleged in the Complaint filed in this action through the Date of Lodging.

23  57.  The United States reserves all legal and equitable remedies available to
24  enforce the provisions of this Consent Decree, except as expressly stated in Paragraph 56. This
25  Consent Decree shall not be construed to limit the rights of the United States to obtain penalties
26  or injunctive relief under the Act or implementing regulations, or under other federal laws,
27  regulations, or permit conditions, except as expressly specified in Paragraph 56. The United

28  -19-

1  States further reserves all legal and equitable remedies to address any imminent and substantial
2  endangerment to the public health or welfare or the environment arising at, or posed by,
3  Defendants' Facilities, whether related to the violations addressed in this Consent Decree or
4  otherwise. Furthermore, nothing in this Consent Decree is intended to nor shall be construed to
5  operate in any way to resolve any criminal liability.

6      58.    In any subsequent administrative or judicial proceeding initiated by the
7  United States for injunctive relief, civil penalties, other appropriate relief relating to the
8  Facilities, Defendants shall not assert, and may not maintain, any defense or claim based upon
9  the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion,
10 claim-splitting, or other defenses based upon any contention that the claims raised by the United
11 States in the subsequent proceeding were or should have been brought in the instant case, except
12 with respect to claims that have been specifically resolved pursuant to Paragraph 56 of this
13 Section.

14      59.    This Consent Decree is not a permit, or a modification of any permit,
15 under any federal, State, or local laws or regulations. Defendants are responsible for achieving
16 and maintaining complete compliance with all applicable federal, State, and local laws,
17 regulations, and permits; and Defendants' compliance with this Consent Decree shall be no
18 defense to any action commenced pursuant to any such laws, regulations, or permits, except as
19 set forth herein. The United States does not, by its consent to the entry of this Consent Decree,
20 warrant or aver in any manner that Defendants' compliance with any aspect of this Consent
21 Decree will result in compliance with provisions of the Act or with any other provisions of
22 federal, State, or local laws, regulations, or permits.

23      60.    This Consent Decree does not limit or affect the rights of Defendants or of
24 the United States against any third parties, not party to this Consent Decree, nor does it limit the
25 rights of third parties, not party to this Consent Decree, against Defendants, except as otherwise
26 provided by law.

27      61.    This Consent Decree shall not be construed to create rights in, or grant any

28

-20-

1 | cause of action to, any third party not party to this Consent Decree.

## XII. COSTS

3 | 62.    The Parties shall bear their own costs of this action, including attorneys'
4 | fees, except that the United States shall be entitled to collect the costs (including attorneys' fees)
5 | incurred in any action necessary to collect any portion of the civil penalty or any stipulated
6 | penalties due but not paid by Defendants.

## XIII. NOTICES

8 | 63.    Unless otherwise specified herein, whenever notifications, submissions, or
9 | communications are required by this Consent Decree, they shall be made in writing and shall be
10 | sent by certified mail, express mail, or similar overnight mail delivery with return receipt
11 | requested, and addressed as follows:

12 | To the United States:

13 | Chief, Environmental Enforcement Section
Environment and Natural Resources Division
14 | Attn: Robert Mullaney
U.S. Department of Justice
15 | 301 Howard Street
San Francisco, CA 94105
16 | Re: DOJ No. 90-5-2-1-09320

17 | and

18 | Thomas P. Mintz, ORC-2
U.S. Environmental Protection Agency
19 | Region 9
75 Hawthorne Street
20 | San Francisco, CA 94105

21 | To EPA:

22 | Director, Air Division (AIR-1)
Attn: Douglas McDaniel
23 | U.S. Environmental Protection Agency
Region 9
24 | 75 Hawthorne Street
San Francisco, CA 94105

25 |
and
26 |
Thomas P. Mintz, ORC-2
27 | U.S. Environmental Protection Agency

28 | -21-

1　Region 9
　75 Hawthorne Street
2　San Francisco, CA 94105

3　To Defendant(s):

4　Gennaro Cioffi
　Mobil Oil Guam, Inc.
5　342 East Marine Corps Drive
　Hagatna, Guam 96910

6
　Christopher W. Armstrong
7　Exxon Mobil Law Department
　800 Bell Street (CORP-EMB-1805C)
8　Houston, Texas 77252

9　　　　　　64.　Any Party may, by written notice to the other Parties, change its designated

10　notice recipient or notice address provided above.

11　　　　　　65.　Notices submitted pursuant to this Section shall be deemed submitted

12　upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the

13　Parties in writing.

14　　　　　　　　　　　　　　XIV. EFFECTIVE DATE

15　　　　　　66.　The Effective Date of this Consent Decree shall be the date upon which

16　this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted,

17　whichever occurs first, as recorded on the Court's docket.

18　　　　　　　　　　　　XV. RETENTION OF JURISDICTION

19　　　　　　67.　The Court shall retain jurisdiction over this case until termination of this

20　Consent Decree, for the purpose of resolving disputes arising under this Decree or entering

21　orders modifying this Decree, pursuant to Sections IX and XVI, or effectuating or enforcing

22　compliance with the terms of this Decree.

23　　　　　　　　　　　　　　XVI. MODIFICATION

24　　　　　　68.　The terms of this Consent Decree may be modified only by a subsequent

25　written agreement signed by all the Parties. Where the modification constitutes a material

26　change to this Decree, it shall be effective only upon approval by the Court.

27　　　　　　69.　Any disputes concerning modification of this Decree shall be resolved

28　　　　　　　　　　　　　　　　-22-

1 pursuant to Section IX (Dispute Resolution) of this Decree, provided, however, that, instead of
2 the burden of proof provided by Paragraph 48, the Party seeking the modification bears the
3 burden of demonstrating that it is entitled to the requested modification in accordance with
4 Federal Rule of Civil Procedure 60(b).

## XVII. TERMINATION

6 70. After Defendants (i) have completed the requirements of Section V
7 (Compliance Requirements) of this Decree; (ii) have received Final Title V Permits for the
8 Facilities for which they submitted applications in accordance with Paragraph 17 of this Decree,
9 and such Final Title V Permits include, but are not limited to, federally-enforceable terms and
10 conditions that are at least as stringent as all of the terms and conditions included in Paragraph 17
11 of this Decree; (iii) have submitted at least one semi-annual excess emissions report in
12 accordance with NESHAP A and R for the loading racks at each of the Facilities that includes 6
13 months of continuous monitoring system data and confirms that all of the loading racks at the
14 Facilities are in compliance with NESHAP A and R; and (iv) have paid the civil penalty and any
15 accrued stipulated penalties as required by this Consent Decree and no penalties or other
16 monetary obligations due under this Decree are outstanding or owed to the United States,
17 Defendants may serve upon the United States a Request for Termination, stating that Defendants
18 have satisfied those requirements, together with all necessary supporting documentation.

19 71. Following receipt by the United States of Defendants' Request for
20 Termination, the Parties shall confer informally concerning the Request and any disagreement
21 that the Parties may have as to whether Defendants have satisfactorily complied with the
22 requirements for termination of this Consent Decree. If the United States agrees that the Decree
23 may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation
24 terminating the Decree.

25 72. If the United States does not agree that the Decree may be terminated,
26 Defendants may invoke Dispute Resolution under Section IX of this Decree. However,
27 Defendants shall not seek Dispute Resolution of any dispute regarding termination, under

28 -23-

1   Paragraph 44 of Section IX, until 60 Days after service of their Request for Termination.

2   XVIII. PUBLIC PARTICIPATION

3   73.     This Consent Decree shall be lodged with the Court for a period of not less

4   than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United

5   States reserves the right to withdraw or withhold its consent if the comments regarding the

6   Consent Decree disclose facts or considerations indicating that the Consent Decree is inappro-

7   priate, improper, or inadequate. Defendants consent to entry of this Consent Decree without

8   further notice and agree not to withdraw from or oppose entry of this Consent Decree by the

9   Court or to challenge any provision of the Decree, unless the United States has notified

10  Defendants in writing that it no longer supports entry of the Decree.

11  XIX. SIGNATORIES/SERVICE

12  74.     Each undersigned representative of Defendants and the Assistant Attorney

13  General for the Environment and Natural Resources Division of the Department of Justice

14  certifies that he or she is fully authorized to enter into the terms and conditions of this Consent

15  Decree and to execute and legally bind the Party he or she represents to this document.

16  75.     This Consent Decree may be signed in counterparts, and its validity shall

17  not be challenged on that basis. Defendants agree to accept service of process by mail with

18  respect to all matters arising under or relating to this Consent Decree and to waive the formal

19  service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any

20  applicable Local Rules of this Court including, but not limited to, service of a summons.

21  XX. INTEGRATION

22  76.     This Consent Decree constitutes the final, complete, and exclusive

23  agreement and understanding among the Parties with respect to the settlement embodied in the

24  Decree and supersedes all prior agreements and understandings, whether oral or written,

25  concerning the settlement embodied herein. Other than deliverables that are subsequently

26  submitted and approved pursuant to this Decree, no other document, nor any representation,

27  inducement, agreement, understanding, or promise, constitutes any part of this Decree or the

28

1   settlement it represents, nor shall it be used in construing the terms of this Decree.

2                           XXI. FINAL JUDGMENT

3          77.     Upon approval and entry of this Consent Decree by the Court, this Consent

4   Decree shall constitute a final judgment of the Court as to the United States and Defendants.  The

5   Court finds that there is no just reason for delay and therefore enters this judgment as a final

6   judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

7        SO ORDERED.

8   Dated and entered this 27th day of _____July_____, 2010.

9

10

11                   FRANCES M. TYNDINGCO-GATEWOOD

                   Chief Judge

12                    United States District Court

                   District of Guam

13

14

15

16

17                      **RECEIVED**

18

19                        **APR 16 2010**

20                **DISTRICT COURT OF GUAM**

                **HAGÅTÑA, GUAM**

21

22

23

24

25

26

27

28

1  FOR PLAINTIFF UNITED STATES OF AMERICA:

2

3  _1/31/10_

4  Date                          IGNACIA S. MORENO
                                 Assistant Attorney General
5                                Environment and Natural Resources Division
                                 U.S. Department of Justice
6

7

8  _April 12, 2010_

9  Date                          ROBERT D. MULLANEY
                                 Trial Attorney
10                               Environment and Natural Resources Division
                                 U.S. Department of Justice
11                               301 Howard Street, Suite 1050
                                 San Francisco, California 94105
12                               Telephone: (415) 744-6491

13
                                 LEONARDO M. RAPADAS
14                               United States Attorney

15

16  _____    By: _____

17  Date                          MIKEL W. SCHWAB
                                 Assistant United States Attorney
18                               Sirena Plaza, Suite 500
                                 108 Hernan Cortez Avenue
19                               Hagatna, Guam 96910
                                 Telephone: (671) 472-7332

20

21

22

23

24

25

26

27

28                          -26-

1   FOR PLAINTIFF UNITED STATES OF AMERICA (Continued):

2

3   $\underline{2 \cdot 16 \cdot 10}$

4   Date           JARED BLUMENFELD

                 Regional Administrator

5                  United States Environmental Protection Agency, Region 9

6

7

8   OF COUNSEL:

9   THOMAS P. MINTZ

     Assistant Regional Counsel

10   U.S. Environmental Protection Agency, Region IX

     75 Hawthorne Street

11   San Francisco, California 94105

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   FOR PLAINTIFF UNITED STATES OF AMERICA (Continued):

2

3   ___4/2/10___          _Cynthia Giles_

4   Date                  CYNTHIA GILES
                          Assistant Administrator
5                         Office of Enforcement and Compliance Assurance
                          United States Environmental Protection Agency
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR DEFENDANTS MOBIL OIL GUAM, INC., AND MOBIL OIL MARIANA ISLANDS, INC.:

12 / 14 / 09

Date

GENNARO CIOFFI
President, Mobil Oil Guam, Inc. and Mobil Oil
Mariana Islands, Inc.

12 / 10 / 09

Date

CHRISTOPHER W. ARMSTRONG
Exxon Mobil Law Department
800 Bell Street (CORP-EMB-1805C)
Houston, Texas 77252
(713) 656-1722

12 / 10 / 09

Date

LARRY W. LINDEEN
Neal & Harwell, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, Tennessee 37219-2498

Counsel for Mobil Oil Guam, Inc, and
Mobil Oil Mariana Islands, Inc.

-29-